UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Landsport Corporation, a Florida corporation,

       Plaintiff,

vs.                              Case No.  3:05-cv-237-J-12MCR

Canaramp Corporation, a foreign corporation;
Fixco Corporation, a foreign corporation;
Canaramp USA, LLC, a foreign limited liability
company; and Richard Beilstein, an individual,

       Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Non-Party, Black Hills Engineering and

Manufacturing, Inc.'s Motion for Protective Order (Doc. 27) filed March 9, 2006.

Defendants filed a response in opposition on April 7, 2006.  Accordingly, the matter is

now ripe for judicial review.

## I.   BACKGROUND

On February 8, 2006, Defendants, Canaramp and Fixco, served non-party, Black

Hills Engineering and Manufacturing, Inc. ("Black Hills"), with a subpoena for a

deposition duces tecum, requiring the production of certain documents for a deposition.

Specifically, the subpoena requested the production of "[a]ll invoices for each and every

aluminum ramp system sold or offered for sale by Black Hills from January 2002 until

the present;" "[a]ll drawings . . . for each of the aluminum ramp system sold or offered

for sale by Black Hills from January 2002 until the present;" and a "[l]isting of all

employees of Black Hills from January 2002 until the present."  (Doc. 27, p.2).

According to Defendants, counsel for Defendants was in contact with counsel for

Plaintiff regarding this deposition as Black Hills is an entity totally owned and controlled

by Matthew Adams, who also owns and controls Plaintiff.  Counsel for Plaintiff notified

Defendants that he would be representing Black Hills at the deposition and requested

the deposition be rescheduled for March 10, 2006.  Representatives from Fixco and

Canaramp traveled to Jacksonville from Canada and Wisconsin in order to attend the

deposition.  However, at 7:40 p.m. on March 9 (the evening before the deposition was

scheduled), counsel for Black Hills (who is also counsel for Plaintiff), filed the instant

motion seeking a protective order preventing Defendants from obtaining the documents

sought in the subpoena and preventing the deposition from going forward as Black Hills

claims the deposition notice does not contain adequate specificity regarding the topics

to be covered during the 30(b)(6) deposition.  (Doc. 27).  Defendants respond that the

motion by Black Hills was brought in bad faith and is without merit.  Specifically,

Defendants note that despite having been served with the subpoena on February 8,

counsel for Black Hills waited until the evening before the deposition to file the instant

motion.  Additionally, Defendants note that the Court recently entered a confidentiality

order to govern the discovery of trade secrets in this case and therefore, a protective

order is not necessary.

## II.   ANALYSIS

The Court will first address Black Hills's argument that Defendants failed to

provide sufficient detail regarding the areas of questioning for the 30(b)(6) deposition.

Initially, the Court notes that Black Hills has not provided the Court with a copy of the

30(b)(6) notice.  Black Hills quoted from the deposition notice and the Court assumes

that the quoted language is the extent of the notice and that it makes no mention of the

areas of inquiry for the deposition.  Rule 30(b)(6) of the Federal Rules of Civil Procedure

provides:

> A party may in the party's notice and in a subpoena name as
> the deponent a public or private corporation ... and describe
> with reasonable particularity the matters on which
> examination is requested.  In that event, the organization so
> named shall designate one or more officers, directors, or
> managing agents, or other persons who consent to testify on
> its behalf, and may set forth, for each person designated the
> matters on which the person will testify.  A subpoena shall
> advise a non-party organization of its duty to make such a
> designation.  The persons so designated shall testify as to
> matters known or reasonably available to the organization.
> This subdivision (b)(6) does not preclude taking a deposition
> by any other procedure authorized in these rules.

Rule 30(b)(6), Fed.R.Civ.P.  The Handbook on Civil Discovery for the Middle District of

Florida provides that when noticing a 30(b)(6) deposition, the notice "should accurately

and concisely identify the designated area(s) of requested testimony, giving due regard

to the nature, business, size, and complexity of the entity being asked to testify."  Middle

District Discovery (2001) at 6.  The Handbook further provides:

> A responding party or witness, who is unclear about the
> meaning and intent of any designated area of inquiry, should
> communicate in a timely manner with the requesting party to

clarify the matter so that the deposition may proceed as
scheduled.

Id. Accordingly, it was improper for Defendants to notice a 30(b)(6) deposition without

identifying the areas of requested testimony, however, it was similarly improper for

Black Hills to wait until the evening before the deposition and file a motion for protective

order instead of calling counsel for Defendants and seeking clarification.  Rather than

prohibiting the deposition from going forward on this ground, the Court will allow

Defendants to provide Black Hills with an amended notice of deposition properly

identifying the areas of requested testimony.

Next, the Court will address Black Hills's claim that the information sought in the

subpoena is protected by Florida's trade secret privilege.  Florida Statute § 90.506

provides:

> A person has a privilege to refuse to disclose, and to prevent
> other persons from disclosing, a trade secret owned by him if
> the allowance of the privilege will not conceal fraud or
> otherwise work injustice.  When the court directs disclosure,
> it shall take the protective measures that the interests of the
> holder of the privilege, the interests of the parties, and the
> furtherance of justice require.  The privilege may be claimed
> by the person or his agent or employee.

This trade secret privilege is not absolute and the Court "may order production if the

balance tips in favor of promoting the interests of facilitating the trial and doing justice as

opposed to the interests of the claimant in maintaining secrecy." Auto Owners Ins. Co.

v. Totaltape, Inc., 135 F.R.D. 199, 203 (M.D. Fla. 1990) (citing, paragraph two, Law

Revision Council Note, § 90-506).  When the trade secret privilege is asserted as the

basis for resisting discovery, the court must determine whether the requested

-4-

production constitutes a trade secret and if so, the court must require the party seeking production to show reasonable necessity for the requested materials.  General Hotel & Restaurant Supply Corp. v. Skipper, 514 So.2d 1158 (Fla. 2nd DCA 1987); Eastern Cement Corp. v. Department of Environmental Regulation, 512 So.2d 264 (Fla. 1st DCA 1987); Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978).  Here, Defendants do not contest that the information they seek contains trade secrets.[1]  Accordingly, Defendants must now show reasonable necessity for the requested materials.  Defendants simply assert that they are seeking to learn information regarding "the role of Matthew Adams and Black Hills Manufacturing in Landsport and Adams's tortious interference with Fixco and Canaramp USA's business relationships."  (Doc. 30, p.3).  This is not sufficient.  However, rather than grant Black Hills's Motion for Protective Order, the undersigned will allow Defendants an opportunity to properly address the issue as to whether there is a reasonable necessity for the requested materials.  Defendants shall file a supplemental response to Black Hills's Motion for Protective Order showing why they need the requested information no later than **Tuesday, April 25, 2006**.

In lieu of filing this supplemental response, Defendants are urged to contact counsel for Black Hills to see if an agreement can be reached.  Counsel for Black Hills

---

[1]  Instead, Defendants maintain that the Confidentiality Order entered by the Court on February 15, 2006 (Doc. 26) would protect the trade secret information.  Indeed, Defendants point out that the Confidentiality Order specifically provides that the parties may designate "marketing or other particularly sensitive trade or product information as 'Confidential - For Attorney's Eyes Only.'" (Doc. 26, p.3).

is hereby put on notice that the Court finds the timing of the Motion for Protective Order suspect.  Counsel was aware of the documents sought via the subpoena back in early February, however, waited until after 7:00 p.m. the evening before the deposition was scheduled in order to file the instant motion.  The Court will be considering the issue of sanctions against counsel for Black Hills should it find Defendants are entitled to the requested information.  Accordingly, the parties are urged to work on reaching an agreement regarding the documents at issue as well as the 30(b)(6) deposition without further Court intervention.  Should the parties reach an agreement, they are directed to file a notice with the Court no later than **Tuesday, April 25, 2006** indicating such and asking that the Motion for Protective Order (Doc. 27) be withdrawn.

         After due consideration, it is

      **ORDERED**:

      The Court will take Non-Party, Black Hills Engineering and Manufacturing, Inc.'s Motion for Protective Order (Doc. 27) under advisement until either Defendants file a supplemental response to the Motion for Protective Order or the parties file a notice indicating the issues in the motion have been resolved and requesting that the motion be withdrawn.


      **DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of April, 2006.

                                        *Monte C. Richardson*

                                        MONTE C. RICHARDSON
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record